IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Laura J. Lisby, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:12-CV-00164-NKL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Commissioner's motion to reverse and remand the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Laura Lisby's application for disability benefits [Doc. # 19]. Lisby objects to the Commissioner's motion, arguing that the evidence supports reversal and an immediate award of benefits as opposed to remand. [Doc. # 20]. For the reasons set forth below, the ALJ's decision is REVERSED and the case is remanded with the instruction to award benefits to Lisby.

**I.    Background**

Lisby filed her first application for disability benefits on October 15, 2009, claiming a disability onset date of January 5, 2009. Following an administrative hearing, the ALJ denied Lisby's application for benefits on September 12, 2011. The Appeals Council ("AC") denied Lisby's request for review of the ALJ's decision on November 3, 2011. Lisby then initiated the present action, seeking judicial review of the ALJ's decision. The Commissioner responded by moving to reverse and remand.

1

In addition, on March 9, 2012, Lisby filed a second application for disability benefits. Based substantially on a consultative psychiatric examination dated May 19, 2012, Disability Determination Services ("DDS") concluded that Lisby was disabled and awarded her benefits. In particular, DDS found that Lisby met the requirements of Social Security listing 12.07, severe somatoform disorder. DDS listed Lisby's established disability onset date as November 4, 2011, due to the November 3, 2011 AC denial, which DDS did not have the power to revisit.

## II. Discussion

The Court has the authority to affirm, modify, or reverse the decision of the ALJ, "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). Ordinarily, when an ALJ's decision denying benefits is reversed, the "abundant deference" owed to the ALJ counsels in favor of remanding the case for further administrative proceedings. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quoting *Cox v. Apfel*, 160 F.3d 1203, 1210 (8th Cir. 1998)). Accordingly, the Court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Id.* (quoting *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992)). Although remand is the norm, it is not appropriate where "further proceedings would serve no useful purpose," *Olson v. Shalala*, 48 F.3d 321, 323 (8th Cir. 1995), and "would merely delay receipt of benefits," *Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991).

The record in this case overwhelmingly supports an immediate award of disability benefits. DDS concluded that Lisby is disabled because she suffers from a severe somatoform disorder that meets a listed impairment in 20 C.F.R. 404, Subpart P,

Appendix 1. [Doc. # 13-1 at 7, 10]. The established onset date for this disability was listed as November 4, 2011, because "[t]here was an AC denial, . . . and a decision at this level cannot be reopened by DDS." [Doc. # 13-1 at 10]. On remand, then, a dispositive issue would be whether Lisby's somatoform disorder dates back to her first alleged disability onset date, January 5, 2009. If it does, then a finding of disability would be required under the regulations. *See* 20 C.F.R. 404.1520(d) ("If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 . . . , we will find you disabled without considering your age, education, and work experience.").

Remand is unnecessary, however, because the record is replete with evidence that Lisby's somatoform disorder dates back to her first alleged disability onset date. Lisby saw her primary care physician, Dr. Gregory Sensenich, on January 5, 2009. Lisby went to Dr. Sensenich because of a headache and a syncopal (i.e., fainting) episode she had suffered the previous night. [Tr. 368]. By August 10, 2010, Lisby had seen seventeen different doctors in an effort to treat her recurring blackouts and headaches, including otolaryngologists, cardiologists, and several neurologists. [Tr. 468-70]. Dr. Sensenich even witnessed one of Lisby's fainting spells, when she blacked out and landed "face first on the carpet" during an office visit on March 18, 2010. [Tr. 456]. Nonetheless, an extensive array of objective medical tests, including MRIs, CT scans, x-rays, ultrasounds, echocardiograms, and physical exams, were all unremarkable. [Tr. 20-22].

This caused numerous treating and examining sources to suspect that Lisby's fainting episodes were caused by a psychiatric disorder. *See, e.g.*, [Tr. 22] ("Dr. Weinstein, Dr. Evans, Dr. Goble and Dr. Drew have indicated [Lisby] does not have

3

seizures or syncope but may have psychogenic non-epileptic seizures."); [Tr. 293] ("I also suspect that she has significant problems with anxiety and depression, which may be contributing to neural chemical changes which have predisposed her to the syncopal episodes. . . . I suspect she would also benefit from a consultation with a psychiatrist"); [Tr. 464] ("[T]hese episodes are likely PNES [psychogenic non-epileptic seizures] which are associated with a variety of psychiatric disorders including . . . anxiety somatoform disorder, . . . . I see no mention of a psychiatric or psychologic evaluation which I would strongly recommend."); [Tr. 470] ("ASSESSMENT: Episodes of lost consciousness, unprovoked, with no apparent seizure-like activity. . . . I highly suspect that the psychiatric disease is playing a large part in this").

According to Dr. Gerald Winkler, a board certified neurologist who testified as a medical expert at a supplemental administrative hearing in this case:

> The leading suspicion that remains in the eyes of the treating sources is that this set of events corresponds to what is referred to as non epileptic seizures which constitute a psychological disorder that is usually classified under the heading of the somatoform disorder. . . . For a formation or complete evaluation of the claimant, what is lacking at this point is a psychological or psychiatric evaluation.

[Tr. 64]. The ALJ later asked Dr. Winkler, "So at this point, . . . your best estimate would be that perhaps her impairment is mental in nature more than physical?" Dr. Winkler replied, "That, to me, is what the weight of the evidence indicates." [Tr. 65].

The record thus overwhelmingly supports the conclusion that Lisby has been afflicted with somatoform disorder since at least January 5, 2009. The Commissioner suggests that remand is justified because the objective medical testing in the record does

4

not fully support Lisby's disability claim. But this argument ignores the nature of Lisby's disabling condition. The regulations define somatoform disorders as "[p]hysical symptoms for which *there are no demonstrable organic findings or known physiological mechanisms*." 20 C.F.R. 404, Subpt. P, App. 1, § 12.07 (emphasis added). The fact that extensive medical testing did not reveal the cause of Lisby's frequent blackouts and recurring headaches is thus wholly consistent with her diagnosis of somatoform disorder.

In short, the only thing lacking from Lisby's first application for disability benefits was a psychiatric evaluation and diagnosis, though nearly every source who treated her recommended such a consult. The May 19, 2012 medical opinion corrected this deficiency and led to the determination that Lisby is afflicted with somatoform disorder, rendering her disabled. In addition, the signs and symptoms of Lisby's somatoform disorder are well-documented in the medical evidence and date back to January 5, 2009. Consequently, the evidence convincingly proves that Lisby's disability dates back to January 5, 2009, and further proceedings would serve no useful purpose in this case.

## III. Conclusion

For the reasons set forth above, the ALJ's decision is REVERSED and the case is remanded with the instruction to award benefits to Lisby.

> s/ Nanette K. Laughrey
> NANETTE K. LAUGHREY
> United States District Judge

Dated: November 14, 2012
Jefferson City, Missouri